1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

| | |
|---|---|
| ALFREDO KUBA, an individual; SAN DIEGO ANIMAL ADVOCATES, a California 501(c)(3) nonprofit organization,<br><br>Plaintiffs,<br><br>v.<br><br>SEA WORLD, INC., dba Sea World Adventure Parks, a Delaware corporation; C. MICHAEL CROSS, as an individual; DAVE KUHNS, as an individual; RICK MARCELINO, as an individual; BRIAN HAY, as an individual; ROAN VAN DE WATERING, as an individual; LARRY BURNETT, as an individual; ROMMEL MOLINA, as an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.  07 CV 1274 JM (POR)<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiffs and Defendants Sea World, Inc., David Koontz, Richard Marcelino, Brian Hay, Roan van de Watering, and Larry Burnett (each individually a "Party" and collectively, the "Parties") have determined that certain confidential information may be produced in this litigation. Accordingly, the Parties have entered into and have stipulated to the entry of the following protective order ("Stipulated Order").

I.   Confidential Information

In providing or revealing discovery materials, or any other materials produced in this action, any Party or third party may designate as "CONFIDENTIAL" the whole or any part of such material which the Designating Party deems to constitute trade secrets, know-how, proprietary data, and/or marketing, contract, financial, negotiated or similarly commercially sensitive business information or data which the Designating Party either maintains in confidence or as to which the unprotected disclosure might result in economic or competitive injury, and which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials, or devices.

II.   Designation of Confidential Information

If a Party to this proceeding or a third party determines that any of its documents or things or responses produced in the course of this proceeding should be designated as provided in paragraph 1 as constituting Confidential Information, the Party or third party shall advise the parties of this fact, and all copies of such documents or things or responses or portions thereof deemed to be confidential shall be marked "CONFIDENTIAL" and treated as confidential.  Each page of a "CONFIDENTIAL" multi-page document shall be marked "CONFIDENTIAL."

III.   Use of Confidential Information

All Confidential Information designated or marked as provided herein shall be used only for the purpose of preparing for, or the prosecution, defense or settlement of this proceeding (including appeals and retrials).  Any use or disclosure of such documents, materials or

information for any other purpose is a direct violation of this Stipulated Order.

### IV.   Use of Confidential Information in Depositions

Any Party shall have the right to use Confidential Information at or for the purpose of taking depositions.  At any deposition session, upon inquiry with regard to the content of a document marked "CONFIDENTIAL" or whenever counsel for a Party deems that a question or the answer to a question may result in the disclosure of confidential information, or whenever counsel for a Party deems that a question or the answer to a question has resulted in the disclosure of confidential information, the deposition (or portions thereof) may be designated by the affected Party as containing Confidential Information subject to the provisions of this Stipulated Order. When such designation has been made, the testimony only shall be disclosed to those individuals specified herein.  Counsel for the person whose confidential information is involved also may request that all persons other than the reporter, counsel, and those individuals specified herein, leave the deposition room during the confidential portion of the deposition.  Counsel must designate portions of a deposition transcript no later than thirty (30) days after receiving the transcript.  Counsel may request that the designated portions of the transcript be separately bound. During the thirty (30) day period, the entire transcript shall be treated as Confidential Information pursuant to this Stipulated Order.  After expiration of the thirty (30) day period, if no confidential designations have been made, the entire transcript shall be considered nonconfidential.

### V.   Disclosure of Confidential Information

Confidential Information produced pursuant to this Stipulated Order may be disclosed or made available only to the Court and to the persons designated below:

A.   Counsel of record, as well a other counsel, for the Parties and in-house counsel to the Parties, including partners, of counsel, associate attorneys, paralegal, clerical, secretarial, and other staff, and accountants, business managers, and agents, employed by such counsel, or by the Parties, who are involved in preparing for, or the prosecution, defense or settlement of this

proceeding (including appeals and retrials);

B. A Party, or an officer, director, or employee of a Party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this proceeding;

C. Experts or consultants (together with their staff) retained by such counsel to assist in the prosecution, defense, or settlement of this proceeding;

D. The Court (and any appellate court), including court personnel, jurors and alternate jurors;

E. Court reporter(s) employed in this proceeding; and

F. Any other person as to whom the parties agree in writing.

Prior to receiving any Confidential Information, person defined in paragraphs C and F shall be provided with a copy of this Stipulated Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall, upon request, be provided forthwith to counsel for each Party.

VI. Filing of Confidential Information With Court

Any Confidential Information which is intended to be filed with the Court by any Party, including transcripts of depositions or portions thereof, documents produced in discovery, information obtained from inspection of premises or things, and answers to interrogatories or requests for admissions, exhibits, and all other documents which have been designated as containing such confidential information, or any pleading or memorandum reproducing or paraphrasing or containing such information, must comply with the Court's Local Rules concerning the filing of documents under seal.  The Party seeking to file any document containing Confidential Information with the Court must obtain a Court Order prior to filing any such document under seal.

VII. Application to Third Parties

This Stipulated Order shall inure to the benefit of, and be enforceable by, third parties with respect to documents and information produced by them in the course of discovery in this action.

VIII. Information Not Confidential

The restrictions set forth in this Stipulated Order shall not be construed:

A. To preclude any Party or its attorneys of record from making use of information which was lawfully in their possession prior to the approval by the Court of this Stipulated Order; or

B. To apply to information obtained by a Party from any third party to this proceeding having the right to disclose such information; or

C. To apply to information or other materials that have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of a receiving Party.

IX. Challenges to Designations

If, at any time during the preparation for trial or during the trial of this action, counsel for any Party claims that counsel for any other Party or third party unreasonably has designated certain information as confidential information, or believes that it is necessary to disclose designated information to persons other than those permitted by this Stipulated Order, the Objecting Party must make such objection in writing within seven (7) business days of receiving notice of the designation, or within seven (7) business days of recognition of the alleged necessity of disclosure, whichever occurs last. Within ten (10) business days of the date of receiving the written objection, the Designating Party must respond to the Objecting Party, in writing, either agreeing to withdraw the designation, or explaining the reasons for retaining the designation. Thereafter, the Objecting Party must comply with Local Rule 37 and thereafter seek relief from

the Court.  Until the Court rules on the merits of any motion, the information designated confidential shall remain as designated.

X.      Use In Court

In the event that any Confidential Information is used in any Court proceeding, the information shall not lose its confidential status through such use, and the Party using such information shall take all reasonable steps to maintain its confidentiality during such use.

XI.     Subsequent Production of Confidential Information

Nothing herein shall prevent any person who has received Confidential Information pursuant to this Stipulated Order from producing such confidential information in cooperation with law enforcement personnel.  Nothing herein shall prevent any person who has received such confidential information pursuant to this Stipulated Order from producing such confidential information in response to a lawful subpoena or other compulsory process; provided that any person receiving such subpoena or process shall: (1) as soon as reasonably practical, give notice to the Designating Party by telephone and email and shall furnish the Designating Party with a copy of the subpoena or other compulsory process so as to afford the Designating Party a reasonable opportunity to seek a protective order; and (2) not produce such confidential information prior to receiving a court order or the consent of the Designating Party, if application for a protective order is made by the Designating Party before the return date of the subpoena (or any extended return date).  In the event that the court denies such an application for a protective order and production of such confidential information is made, such information shall continue to be treated as Confidential Information by all persons subject to this Stipulated Order unless and until this Court shall otherwise order.

XII.    Inadvertent Failure To Designate Materials As Confidential

Inadvertent failure to designate materials as confidential information at the time of production may be remedied by supplemental written notice given by the designating party.  Upon

receipt of such notification, all documents, materials, or testimony so designated or redesignated shall be fully subject to this Stipulated Order as if it had been initially so designated; provided, however, that the receiving party shall incur no liability for any prior treatment of such information in conformance with its original designation (or lack of designation).  The party receiving such notice shall make a reasonable good faith effort to ensure that any analyses, memoranda, or notes which were internally generated based upon such information shall immediately be treated in conformance with any such designation or redesignation.

### XIII.   No Waiver Re Confidential Nature of Information

This Stipulated Order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties and third parties to this action without involving the Court unnecessarily in the process.  Nothing in this Stipulated Order, nor the production of any information or document under the terms of this Stipulated Order, nor any proceedings pursuant to this Stipulated Order shall be deemed to have the effect of an admission or a waiver by any Party or of altering the confidentiality or the non-confidentiality of any such document or information or altering any existing obligation of any Party.

### XIV.   No Waiver of Privilege

This Stipulated Order will not prejudice the right of any Party or third party to oppose production of any information on the ground of attorney-client privilege, work product doctrine, or any other privilege or protection provided under the law.

### XV.   Return or Destruction of Information

Immediately after entry of final judgment including appeals, or of dismissal of this action, all documents and things, including transcripts of depositions or of trial, together with all copies thereof, which have been designated as Confidential Information shall be returned to the Designating Party or destroyed.

XVI.  Right for Further Order of the Court

The foregoing is without prejudice to the right of any Party to apply to the Court for a further protective order relating to any confidential information or for an order permitting disclosure of Confidential Information other than as provided herein.  The provisions hereof may also be modified on the Court's own motion.  In addition, the provisions of this Protective Order are subject to further Court Order, based upon public policy and other considerations.

XVII.   Stipulated Order Survives Termination

This Stipulated Order shall survive the termination of this action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of Confidential Information disclosed hereunder.

DATED:  August 28, 2008

_____
LOUISA S PORTER
United States Magistrate Judge

**Attachment A**

AGREEMENT TO BE BOUND BY THE STIPULATED PROTECTIVE ORDER

I, _____ (print or type name), in connection with 07CV12745 JM (POR), pending in the Southern District of California, hereby acknowledge that I have received a copy of the Stipulated Protective Order entered into between and among the parties, which is attached hereto as Exhibit 1, have read the same, and agree to be bound by all of the provisions thereof.

Dated:

                                            Signature

                                            Print Name